UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-3129-RSWL-KK | Date: | May 2, 2017 |
| Title: | *Fernando Benitez v. Spearman* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order to Show Cause Why This Action Should Not Be Dismissed As Untimely [Dkt. 1]**

## I.
## INTRODUCTION

Petitioner Fernando Benitez ("Petitioner") has filed a pro se Petition for Writ of Habeas Corpus ("Petition") by a Person in State Custody pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction and sentence based on the following claim: "Trial Court imposed an illegal enhancement according to newly decided case law by the California Supreme Court."[1] See ECF Docket ("Dkt.") No. 1, Pet. at 5. However, the Petition appears to be untimely on its face. The Court thus orders Petitioner to show cause why this action should not be dismissed as untimely.

///

---

[1] Pursuant to 28 U.S.C. § 2241(d)(1)(C), AEDPA's one-year statute of limitations may run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." To the extent Petitioner believes his claim is timely because it is based on a newly recognized right by the Supreme Court that is retroactively applicable to his case on collateral review, he must specifically identify the right and the case law that identifies the right.

## II.
## BACKGROUND

On February 10, 2010, in Los Angeles County Superior Court, Petitioner was convicted of first degree and second degree robbery in violation of Section 211 of the California Penal Code, with a gang enhancement under Section 186.22(b)(1)(c) of the California Penal Code and a firearm enhancement under Section 12022.53(B) of the California Penal Code. See Pet. at 1. Petitioner was sentenced to a term of seventeen years and four months. Id.

Petitioner filed a state habeas petition in the Los Angeles Superior Court, which was denied on August 21, 2015. Id. at 2, 3.

On September 17, 2015, Petitioner filed a state habeas petition in the California Court of Appeal. See California Courts, Appellate Courts Case Information, Docket (April 28, 2017, 3:20 PM) http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2120443 &div=8&doc_no=B266872. On October 14, 2015, the California Court of Appeal denied the petition. Id.; Pet. at 2, 3.

On January 25, 2016, Petitioner filed a state habeas petition in the California Supreme Court[2]. See California Courts, Appellate Courts Case Information, Docket (April 28, 2017, 3:20 PM) http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2131558 &doc_no=S232057. On April 13, 2016, the California Supreme Court denied the petition. Id.

On April 2, 2017, Petitioner constructively[3] filed the instant Petition. Pet. at 7.

## III.
## DISCUSSION

**A. THE PETITION WAS FILED AFTER AEDPA'S ONE-YEAR LIMITATIONS PERIOD**

Petitioner filed the Petition after April 24, 1996, the effective date of AEDPA. Pet. at 7. Therefore, the requirements for habeas relief set forth in AEDPA apply. Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir.

---

[2] Petitioner did not include the state habeas petition he filed in the California Supreme Court in the instant Petition. However, a review of the California Courts website indicates he filed a Petition on January 25, 2016, which was denied on April 13, 2016. Accordingly, it appears Petitioner has exhausted all available state remedies.

[3] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

2012) (citation omitted). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)"). Under the California Rule of Court 8.308(a), the time for appealing a conviction and sentence expires sixty days "after the rendition of the judgment or the making of the order being appealed." Cal. R. Ct. 8.308(a); Caspari v. Bohlen, 510 U.S. 383, 390, 114 S. Ct. 948, 127 L. Ed. 2d 236 (1994).

Here, there is no indication Petitioner sought direct review of his conviction. Accordingly, Petitioner's conviction became final on April 11, 2010, i.e., sixty days after the date of Petitioner's conviction. See Cal. R. Ct. 8.308(a); Caspari, 510 U.S. at 390. AEDPA's one-year limitations period commenced the next day, April 12, 2010, and expired on April 12, 2011. See 28 U.S.C. § 2244(d)(1). However, Petitioner constructively filed the instant Petition on April 2, 2017. Pet. at 7. Therefore, in the absence of any applicable tolling, it appears the Petition may be untimely by over one year under Section 2244(d)(1). Thompson, 681 F.3d at 1093.

**B.     STATUTORY TOLLING DOES NOT RENDER THE PETITION TIMELY**

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")). Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because, during that time, there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). In addition, Section 2244(d)(2) "does not permit reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Here, AEDPA's one-year statute of limitations commenced on April 12, 2010. See 28 U.S.C. § 2244(d)(1). Following the commencement of the limitations period, Petitioner filed three state habeas petitions. See Pet. While the date Petitioner filed the first state habeas petition is unknown, the first petition was denied on August 21, 2015. Id. AEDPA's limitation period expired on April 12, 2011. See 28 U.S.C. § 2244(d)(2). Assuming the first petition was filed sometime in 2015, it appears AEDPA's limitation period expired well before Petitioner filed his first state habeas petition. See id. Section 2244(d)(2) does not permit reinitiation of the limitations period. See Ferguson, 321 F.3d at 823. Therefore, statutory tolling does not render the Petition timely. See id.

**C.     EQUITABLE TOLLING DOES NOT RENDER THE PETITION TIMELY**

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted). The "threshold necessary to trigger equitable tolling

[under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation and internal quotation marks omitted).  A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014).  The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, lest the exceptions swallow the rule." Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015) (internal citation and quotation marks omitted).

Here, Petitioner does not claim entitlement to equitable tolling and the Court has not found any basis to support such a claim.  Thus, equitable tolling does not render the Petition timely.  Bills, 628 F.3d at 1097.

## IV.
## ORDER

Accordingly, based upon the Petition as currently submitted, Section 2244(d)(1) appears to bar this action.  Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed as untimely by filing a written response **no later than June 2, 2017**.  Petitioner is advised to inform the Court of any reason demonstrating entitlement to statutory or equitable tolling.

Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of the Court has attached A Notice of Dismissal form.**  However, the Court warns Petitioner any dismissed claims may be later subject to the statute of limitations under Section 2244(d)(1), as amended by AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).

**The Court warns Petitioner failure to timely file a response to this Order will result the Court dismissing this action with prejudice as untimely, and for failure to prosecute and comply with court orders.  See Fed. R. Civ. P. 41(b).**

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**

**IT IS SO ORDERED.**